09-130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ADMARKETPLACE, INC.,

                                        Docket No. 09-CV-5243

                Plaintiff,

        -against-                         **NOTICE OF REMOVAL**

MICHAEL M. FROMMER and MEDIA
CONXIONS ASSOCIATES, INC.,

                            Defendants.
------------------------------------------------------------X

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. § 1441(a) Defendants MICHAEL FROMMER and MEDIA

CONXIONS ASSOCIATES, INC., by their undersigned attorney, hereby provide Notice

of Removal of the above captioned matter from the Supreme Court of the State of New

York for the County of New York, bearing index number 650189/2009 to the United

States District Court for the Southern District of New York.  Removal is appropriate

because "diversity jurisdiction" is present.  In support of the removal, Defendants set

forth the following grounds:

        1.     The District Courts of the United States has jurisdiction over this action

upon the bases of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity

jurisdiction is proper based upon each of the following facts:

                a.   The sole Plaintiff adMarketplace, Inc., is a corporation registered in

                     Delaware, with its principle place of business at 55 Broad Street, New

                     York, New York 10004.

b.   Defendant Michael Frommer is a Florida resident.

c.   Defendant Media Conxions Associates, Inc. is a corporation registered in Florida with its principle place of business in Florida.

d.   The amount in controversy, as stated in the Plaintiff's complaint, is $99,754.01 (*see* Summons and Complaint annexed hereto as Exhibit "A"), which is in excess of $75,000, the statutory minimum amount for diversity jurisdiction as provided by 28 U.S.C. § 1332.

2.   Notice of Removal is timely, as it is filed within thirty (30) days of the date of service of the Summons and Complaint on Defendant Michael Frommer and Media Conxions Associates, Inc. on or about May 5, 2009. *See* Exhibit "A" annexed hereto.

3.   A copy of this Notice of Removal has been sent to all counsel of record and a copy of this Notice of Removal will be filed promptly with the Clerk of the Supreme Court of New York for the County of New York in accordance with 28 U.S.C. 1446(d).

4.   Defendants reserve their right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants Michael Frommer and Media Conxions Associates, Inc. respectfully petition this Court to remove the action now pending against them in the Supreme Court of the State of New York for the County of New York, Index No. 650189/09 to the United States District Court for the Southern District of New York.

Dated: Valley Stream, New York
June 4, 2009

DANIEL HIRSCHEL, ESQ., P.C.
Attorneys for Defendants
MICHAEL FROMMER and
MEDIA CONXIONS, INC.

By _____
DANIEL HIRSCHEL (DH6512)
30 South Central Avenue
Suite 100A
Valley Stream, New York 11580
(516) 596-8353

## **CERTIFICATE OF SERVICE**

I, Daniel Hirschel, hereby certify that I have served a copy of the foregoing Notice of Removal by first class mail, postage prepaid, upon the plaintiff, adMarketplace, Inc., by serving its attorney Tristan Loanzon of Loanzon Sheikh LLC, 386 Park Ave. South, Suite 1914, New York, NY 10016, this 4th day of June, 2009.

Daniel Hirschel

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------X

ADMARKETPLACE, INC.,                                      :    Index No:    650189/2009
                                                          :
                                        Plaintiff,        :         SUMMONS
                                                          :
      -against-                                           :    Plaintiff designates New York
                                                          :    County as the place of trial.
MICHAEL M. FROMMER and MEDIA CONXIONS                     :
ASSOCIATES, INC.,                                         :    Venue is based upon plaintiff's
                                                          :    residence at 55 Broad Street, NY,
                                        Defendant.        :    NY 10004.
-------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

MICHAEL M. FROMMER, PRES. & CEO
MEDIA CONXIONS ASSOCIATES INC.              MEDIA CONXIONS ASSOCIATES INC.
1779 NORTH CONGRESS AVE. SUITE 357          1305 CENTRAL TERRACE
BOYNTON BEACH, FLORIDA 33426                LAKE WORTH, FLORIDA 33460

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve

a copy of your answer within 20 days after the service of this summons, exclusive of the day of

service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in the case of your failure to appear or

answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       April 6, 2009

                            LOANZON SHEIKH LLC

                            /s/
                            _____
                            Tristan C. Loanzon
                            386 Park Avenue South, Suite 1914
                            New York, New York 10016
                            (212) 760-1515
                            (212) 760-1717 (fax)
                            *Attorney for Plaintiff adMarketplace, Inc.*

- 1 -

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------- X

ADMARKETPLACE, INC.                          :   Index No:   650189/2009
                                             :
                              **Plaintiff,**  :
                                             :
    -against-                                :
                                             :   **VERIFIED COMPLAINT**
MICHAEL M. FROMMER and MEDIA CONXIONS         :
ASSOCIATES, INC.,                            :
                                             :
                              **Defendants.** :
------------------------------------------------------------- X

Plaintiff, adMarketplace, Inc. by and through its attorneys, LOANZON SHEIKH LLC,

alleges against Defendants, MICHAEL FROMMER and MEDIA CONXIONS ASSOCIATES,

INC., the following:

### NATURE OF THE ACTION

Plaintiff, adMarketplace Inc. ("adMarketplace") brings this action against Michael

Frommer and Media Conxions Associates, Inc. ("Frommer") for breach of an agreement entered

into by the parties in October 2007. The agreement provided that adMarketplace will deliver

Frommer's advertisements to Internet users in exchange for payments.  adMarketplace

performed its obligations under the agreement. Frommer made partial payments but failed to

pay the remaining balance of approximately $94,954.01. Despite adMarketplace's demands for

payments and Defendants repeated promises of payment, Defendants have failed to pay the

remaining balance.

## PARTIES

1.      adMarketplace, Inc. is a corporation organized under the laws of Delaware, and has conducted business in New York as the "d/b/a" of Conducive.  Conducive maintains a principal place of business at 55 Broad Street, New York, New York 10004.

2.      Media Conxions Associates, Inc. ("Media Conxions") is a corporation organized under the laws of the State of Florida and maintains a place of business at 1779 N. Congress Avenue, Suite 357, Boynton Beach, Florida 33426.

3.      Media Conxions also maintains a place of business at 1305 Central Terrace, Lake Worth, Florida 33460.

4.      Michael Frommer ("Frommer") is the CEO and President of Media Conxions.

5.      Upon information and belief, Michael Frommer resides at 1305 Central Terrace, Lake Worth, Florida 33460.

6.      Mr. Frommer was the only person that adMarketplace dealt with at Media Conxions.

## ALLEGATIONS

7.      In October 2007, adMarketplace and Frommer entered into an agreement called "adMarketplace Exchange Terms and Conditions" (hereinafter "Agreement").  A standard Agreement routinely given to adMarketplace customers is attached as Exhibit A.

8.      The Agreement was signed by Media Conxion's president Michael Frommer.

9.      Michael Frommer communicated by telephone, mail, and facsimile with adMarketplace in New York.

10.     The Agreement provides that the "laws of the State of New York govern this Agreement without reference to conflicts of laws principles. New York City provides the proper jurisdiction and venue for all disputes, and the parties hereby expressly agree to such jurisdiction and venue."

11.     The Agreement provides that Frommer will submit an "insertion order" to adMarketplace to indicate the advertisements that Media Conxions would like adMarketplace to deliver to end-users

12.     From October 2007 to December 2007, Frommer submitted four (4) insertion orders by facsimile to adMarketplace's office in New York.

13.     The four insertion orders that were faxed by Frommer to adMarketplace are attached hereto as Exhibit B.

14.     Insertion order 2288, dated October 26, 2007, shows that Frommer owed adMarketplace a sum of $84,000.00.

15.     Insertion order 2312, dated December 19, 2007, shows that Frommer owed adMarketplace a sum of $22,684.36.

16.     Insertion order 2311, dated December 19, 2007, shows that Frommer owed adMarketplace a sum of $17,250.00.

17.     Insertion order 2309, dated October 26, 2007, shows that Frommer owed adMarketplace a sum of $23,355.00.

18.     In total, the four insertion orders show that Frommer owed adMarketplace a total of $147,289.35.

19.     Frommer made several payments to adMarketplace over a period of several months in 2008.

- 3 -

20.    On December 31, 2008, adMarketplace sent a statement to Frommer indicating the amount owed as of December 31, 2008.  A copy of that statement is attached as Exhibit C.

21.    Frommer never disputed the December 31, 2008 statement.

22.    adMarketplace never received any payments from Frommer concerning the December 31, 2008 statement.

## Allegations Concerning Piercing the Corporate Veil

23.    adMarketplace never dealt with anyone at Media Conxions other than Michael Frommer.

24    Upon information and belief, Michael Frommer disregarded the corporate entity, Media Conxions, in his dealings with adMarkeplace.

25.    For example, Michael Frommer used his personal bank account to pay invoices issued by adMarketplace.

26.    Upon information and belief, Media Conxions is solely-owned by Michael Frommer, and did not have adequate capitalization to meet its financial obligations to adMarketplace as evidenced by its failure to pay the invoices due and owing.

27.    Michael Frommer and Marc Frommer are the only officers or directors of Media Conxions, as shown by the annual report filed by Media Conxions in 2008 in the State of Florida. See Exhibit D.

28.    Upon information and belief, the address listed for Media Conxions – 1305 Central Terrace, Lake Worth, Florida 33460 – is the home address of Michael Frommer.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

29.    adMarketplace repeats and re-alleges the allegations contained in paragraphs 1 through 28 with the same force as if fully set forth herein.

30.    The parties entered the Agreement in October 2007.

31.    adMarketplace performed its duties satisfactorily under the Agreement.

32.    Frommer breached the Agreement by failing to pay the amount owed under the Agreement.

33.    As a result of Frommer's breach, adMarketplace incurred damages in the amount of $94,954.01, plus interest and costs.

34.    As a result of Frommer's breach, adMarketplace incurred damages in the amount of $4,800.00, which constitute costs paid by adMarketplace in collecting amounts owed by Frommer.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

35.    adMarketplace repeats and re-alleges the allegations contained in paragraphs 1 through 34 with the same force as if fully set forth herein.

36.    adMarketplace makes this claim in the event there is no adequate remedy under the law of contract.

37.    adMarketplace provided Frommer with advertising services as provided in the Agreement.

38.    By failing to pay for the services rendered, Frommer has been unjustly enriched in an amount in excess of $94,954.01.

39.    Under principles of equity and good conscience, Frommer must pay the amount due.

40.    Frommer knew or should have known that it has no right to not pay adMarketplace for services already rendered.

41.    As a result of Defendants' actions, adMarketplace suffered damages in the amount of $99,754.01, plus interests and costs.

### THIRD CAUSE OF ACTION
(Account Stated)

42    adMarketplace repeats and re-alleges the allegations contained in the paragraphs 1 through 41 with the same force as if fully set forth herein.

43.    In December 2008, adMarketplace submitted invoices to Frommer showing the principal amount outstanding, totaling $94,954.01.

44.    Media Conxions did not object to the accuracy of the invoices submitted by adMarketplace.

45.    To date, Media Conxions has not paid any of the outstanding amounts shown on the December 31, 2008 Statement despite Plaintiff's demand for payment.

46.    As a result of Defendants' actions, adMarketplace suffered damages in the amount of $99,754.01, plus interests and costs.

WHEREFORE, adMarketplace demands judgment in its favor against Defendants as follows:

A.    On Plaintiff's First Cause of Action for Breach of Contract, the amount of at least $99,754.01, plus costs and interests;

- 6 -

B.   On Plaintiff's Second Cause of Action for Unjust Enrichment, the amount of at

least $99,754.01;

C.   On Plaintiff's Third Cause of Action for account stated, the amount of at least

$99,754 01; and

D.   On All Causes Action:

    i.   For pre- and post-judgment interest on all sums awarded; and

    ii.   For such other and further legal, equitable or other relief as the Court

      deems proper, including the attorney's fees incurred in bringing this

      lawsuit.

Dated: New York, New York
      March 30, 2009

LOANZON SHEIKH LLC

_____

Tristan C. Loanzon
386 Park Avenue South, Suite 1914
New York, New York 10016
(212) 760-1515
(212) 760-1717 (fax)
*Attorney for Plaintiff adMarketplace, Inc.*

- 7 -

# V E R I F I C A T I O N

STATE OF NEW YORK    )
                                ) ss.
COUNTY OF NEW YORK  )

        JAMES W. HILL, being duly sworn, deposes and says:

        I am the Chief Executive Officer of adMarketplace, Inc. the Plaintiff in this action. I have read the foregoing Complaint, reviewed the accompanying exhibit, and know the contents thereof. The same are true to my own knowledge, except as to those matters stated therein to be alleged on information and belief, and as to those matters I believe them to be true.

                                                       _____
                                                      JAMES W. HILL

Sworn to before me this 30th
day of March 2009

_____
       Notary Public

- 8 -

# EXHIBIT A



# ADMARKETPLACE EXCHANGE TERMS AND CONDITIONS

These Terms and Conditions are entered into between adMarketplace and the party executing the accompanying Insertion Order ("Advertiser"), and supersede and replace all prior terms and conditions between the parties related to Insertion Orders ("IOs"). These Terms and Conditions control all existing IOs, and together with each additional executed IO collectively comprise the "Agreement". Terms not defined in these Terms and Conditions have the meanings set forth in the applicable IO. The IO controls to the extent there is a conflict between any IO and these Terms and Conditions.

## 1. Advertising Campaigns.

a. During the Term and subject to the Terms and Conditions of the Agreement, adMarketplace delivers Advertisements on behalf of Advertiser via the adMarketplace Exchange to available Inventory (the "Exchange").    "Advertisements" means all advertising materials Advertiser provides including without limitation, text, graphic files and/or rich media.

b. Advertiser must submit a completed (including the designated campaign start date) and signed IO to adMarketplace no later than five (5) days before the designated start date of such campaign. Each IO is subject to availability of the applicable Inventory. In the event that the specified inventory is unavailable, either party may terminate such IO upon written notice to the other party.   Advertiser will deliver Advertisements to adMarketplace no later than five (5) business days prior to the start date set forth in the IO. Advertiser understands that adMarketplace is not responsible for any start date delays or any Inventory unavailability that late submission of Advertisements causes.    Advertiser hereby grants adMarketplace a non-exclusive, royalty-free, worldwide license to use, reproduce, market, display, publish, perform, distribute and transmit the Advertisements, including any content, trademarks, service marks or logos contained therein, throughout the Exchange in accordance with the terms of this Agreement.  adMarketplace may not modify the Advertisements' embedded text or links; however, adMarketplace may adjust the placement, size or

appearance (e.g. color, font size) of the Advertisements for optimization purposes.

c. adMarketplace may, without prior notice or liability, refuse, remove or suspend any Advertisement from the Exchange if: (a) such Advertisement does not conform to the applicable IO, the terms of the Agreement,  or any advertising specifications made available to Advertiser by adMarketplace from time to time,  or (b) adMarketplace determines such Advertisement may result in violation of applicable law or regulation, may expose adMarketplace to litigation, liability or risk of adverse publicity, or is otherwise inappropriate.

d. Unless otherwise specified in the IO, Advertiser or adMarketplace may cancel an IO or a particular advertising campaign upon written notice.

e. Reports generated by adMarketplace's technology and systems are the official counter for determining delivery of impressions or clicks under each IO.  Advertiser will use commercially reasonable efforts to assist adMarketplace with regard to any technical, administrative or other issues relating to the Advertisements.  adMarketplace will use commercially reasonable efforts to achieve evenly-paced delivery of impressions or clicks over the course of a campaign but does not guarantee even delivery.

## 2. Payment.  Advertiser shall pay the rates set forth in the applicable IO within thirty (30) days of receipt of adMarketplace's invoice, and adMarketplace reserves the right to suspend, without prior notice, its performance under the Agreement or any IO if adMarketplace determines in good faith that Advertiser's creditworthiness has materially deteriorated since the initial determination. Late payments will incur interest at the rate of one and one half percent (1.5%) per month or the maximum rate allowed by law, whichever is lower. Late payments may also result in removal of Advertisements from the Exchange.       If    adMarketplace    removes    any Advertisement(s) from the Exchange due to late payment or any other breach of this Agreement by Advertiser, Advertiser remains liable for all fees due under the applicable IO (without refund or any pro-rating of amounts

            Revised: March 10, 2008

due). Advertiser agrees to pay any attorneys' fees and/or collection costs adMarketplace incurs as a result of collecting past due amounts from Advertiser. The sole remedy of Advertiser for any failure to achieve specified click or impression levels is an extension of the applicable campaign (with Advertiser's prior consent), or at adMarketplace's option, cancellation of the campaign. Advertiser or its client, if Advertiser is an agency, is responsible for all costs it incurs in connection with this Agreement, including, without limitation, expenses associated with creating, updating and otherwise managing Advertisements, delivering Advertisements to the Exchange and establishing and maintaining links between Advertisements and web sites and areas outside the Exchange. Without limiting the foregoing, adMarketplace is not responsible for third party ad serving fees resulting from any overdelivery of Impressions or clicks in connection with a campaign.

### 3. Representations and Warranties; Limitation of Liability.

a. Advertiser warrants and represents at all times that (i) Advertiser has all rights and authority necessary to enter into this Agreement and to grant adMarketplace the license granted herein, (ii) Advertiser's execution of this Agreement, and the performance of its obligations hereunder, do not and will not violate any agreement to which Advertiser is a party or by which it is otherwise bound, (iii) engaging adMarketplace's services pursuant to this Agreement does not violate the privacy statement of Advertiser (or if Advertiser is an agency, its clients), and (iv) the Advertisements, the use and display thereof, and the content linked to from such Advertisements will not: (A) infringe or violate any patent, copyright, trademark, right of publicity, right of privacy, moral right, or any other right of any third party, (B) be libelous, defamatory, misrepresentative, obscene, or otherwise inappropriate, (C) violate any applicable law or regulation, or (D) advertise any unlawful product or service or promote the unlawful sale of any product or service. In the event any IO includes a keyword buy, Advertiser further represents and warrants that it has all rights necessary to utilize such keyword(s) in the manner contemplated by such IO and these Terms and Conditions. Advertiser agrees to indemnify, defend and hold harmless adMarketplace, its vendors, suppliers, and Exchange members, and their respective subsidiaries, affiliates, agents, partners, officers, directors and employees from and against any loss, cost, claim, injury or damage (including reasonable attorneys' fees) resulting

from claims or actions arising out of or in connection with the Advertisements or Advertiser's breach of this Agreement.

b. Disclaimer; Limitation of Liability. ADMARKETPLACE EXPRESSLY DISCLAIMS ALL WARRANTIES, EXPRESS OR IMPLIED, AS TO THE SUBJECT MATTER OF THIS AGREEMENT, INCLUDING IMPLIED WARRANTIES OF MERCHANTIBILITY AND FITNESS FOR A PARTICULAR PURPOSE. ADMARKETPLACE MAKES NO WARRANTY AS TO THE NUMBER OF PERSONS WHO MAY ACCESS OR VIEW AN ADVERTISEMENT OR AS TO THE BENEFIT OBTAINED FROM ANY CAMPAIGN UNDER THIS AGREEMENT. ADMARKETPLACE IS NOT LIABLE FOR THE CONTENTS OF ANY WEBSITES TO WHICH IT DELIVERS ADVERTISEMENTS OR FOR ANY UNAVAILABIILTY OF THE INTERNET OR OTHER TECHNICAL MALFUCTION. IN NO EVENT IS EITHER PARTY LIABLE FOR LOST PROFITS, LOST REVENUES, OR ANY INDIRECT, CONSEQUENTIAL, SPECIAL OR PUNITIVE DAMAGES ARISING OUT OF OR RELATED TO THIS AGREEMENT, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBLITY OF SUCH DAMAGES. IN NO EVENT WILL ADMARKETPLACE'S LIABILITY UNDER THIS AGREEMENT EXCEED THE AMOUNT OF PAYMENTS RECEIVED FROM ADVERTISER IN THE THREE (3) MONTH PERIOD PRECEDING THE EVENT GIVING RISE TO THE CLAIM.

4. Exchange. Advertiser understands that: (a) adMarketplace has no obligation to review the Advertisements; (b) adMarketplace is not an Advertisement publisher, but rather is responsible for placement of the Advertisements using its proprietary technology, (c) the Exchange consists of third party media companies ("Publishers"), (d) Publishers may remove or reject Advertisements at their discretion, and (e) Advertisements placed on the Exchange may be subject to additional terms and conditions as are imposed by Publishers.

5. Privacy Policy; Confidentiality. Advertiser shall comply, or if Advertiser is an agency, it shall ensure that its clients comply, with all applicable privacy laws and regulations. Advertiser further agrees to post, or if Advertiser is an agency, cause its clients to post, conspicuously on its or its clients' web sites, a privacy policy that at a minimum: (a) describes how Advertiser or the client, as applicable, collects, uses, stores and discloses information obtained from visitors to its web sites,

and (b) instructs visitors how to opt-out of the collection of such information. Subject to applicable law, Advertiser has the right to use all data provided by adMarketplace derived from the advertising campaigns set forth in the IO for any purpose related to Advertiser's business. adMarketplace has the right to use and disclose such data for the following purposes: (i) general reporting, including the compilation of aggregate statistics, such as the total number of ads delivered, that may be provided to existing and potential customers, (ii) scheduling and optimization of delivery of Advertisements across all campaigns, including web sites, networks, exchanges and any other advertising inventory that adMarketplace reaches, (iii) for analytical and marketing purposes, and (iv) if required by court order, law or governmental agency. The terms and conditions of this Agreement are confidential and may not be disclosed to any third party.

**6. Miscellaneous.** This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof, and may only be modified with prior written consent of both parties. Headings and captions are for convenience only and are not to be used in the interpretation of the Agreement. Advertiser may not sell, transfer or assign this Agreement, any portion thereof, or any clicks, inventory or other rights obtained under this Agreement without adMarketplace's prior written consent. The laws of the State of New York govern this Agreement without reference to conflicts of laws principles. New York City provides the proper jurisdiction and venue for all disputes, and the parties hereby expressly agree to such jurisdiction and venue. adMarketplace is not liable for any delay or failure to perform any of its obligations set forth in this Agreement due to causes beyond its reasonable control. No failure of either party to enforce any of its rights under this Agreement acts as a waiver of such rights. If applicable law holds one or more provisions of this Agreement unenforceable, then such provision(s) shall be excluded from this Agreement, and the balance of the Agreement shall be enforceable in accordance with its terms. All notices under this Agreement will be in writing and will be delivered by personal service, confirmed fax, confirmed e-mail, express courier, or certified mail, return receipt requested, to the address of the receiving party set forth on the IO, or at such different address as may be designated by such party by written notice to the other party from time to time. Notice is effective on receipt. Sections 3-6, together with any outstanding payment obligation, survive the termination of this Agreement. adMarketplace and Advertiser are independent contractors, and nothing in this Agreement creates a joint venture or partnership between the parties.

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement the Effective Date.

AGREED AND ACCEPTED BY

adMarketplace
55 Broad Street, 23rd Floor
New York, New York 10004

By: _____

Name: _____

Title: _____

Date: _____

AGREED AND ACCEPTED BY:

Corporation Name
Street Address
City, State, Zip

By: _____

Name: _____

Title: _____

Date: _____

3                                    Revised: March 10, 2008

May. 22. 2009  2:18PM                                              No. 0228   P. 14

# EXHIBIT B

May. 22. 2009  2:18PM                                                    No. 0228   P. 15

2007-10-30 17:35     Media ConXions Assoc     561-244-8732 >>                    P 3/3


**ad**Marketplace
demand

**Insertion Order**

| Date | IO # |
|------|------|
| 10/26/2007 | 2288 |

adMarketplace
55 Broad St
23rd Floor
New York, NY 10004
Tax ID # 13-4114865

**Customer Information**
media conxions group
1779 N. Congress Ave. Suite 357
Boynton Beach  FL 33426
United States

| Billing Contact | Business Contact | Sales Rep | Rep Phone | Acct Manager |
|---|---|---|---|---|
| michael@mediaconxions.com | | Mathew Schuster | 212.925.2803 | Kevin Dittmann |
| **Billing E-Mail** | **PO # (if applicable)** | **Start Date** | **End Date** | **Terms** |
| michael@mediagroup.com | | 10/26/2007 | 12/31/2007 | |

**Traffic Notes**
48 hour out clause
frequency cap determined by client
daily cap 1mm impressions per day

| Product | Category Description | Ad Size | Quantity | Rate | Type | Amount |
|---|---|---|---|---|---|---|
| adMarketplace | US RON pops | CPV | 60000000 | 1.40 | CPM | $4,000.00 |
| | | | | | Total | $84,000.00 |

Advertiser must report any discrepancies or disputes related to their campaign to adMarketplace within ten (10) days of receiving such invoice. adMarketplace is not liable for any discrepancies not reported within this time frame. ... waives all right, title and intent to dispute payment to adMarketplace based upon any discrepancy not reported within this time frame. All discrepancies must be reported via email to traffic@adMarketplace.

This insertion order is hereby agreed to by Advertiser. Signature indicates Advertiser has read and understands the attached adMarketplace Terms & Conditions document. No rate protection is implied. Space will not be reserved until signed paperwork is received.

Customer Signature:                                    Date: 10/30/07

adMarketplace Signature:                               Date: 10/30/07

May. 22. 2009  2:18PM                                                No. 0228   P. 16

To: Geoff Yabes   Page 4 of 5          2007-12-28 19:34:19 (GMT)          15616342026   From: MICHAEL FROMMER

# adMarketplace
### demand  supply

## Insertion Order

adMarketplace
55 Broad St
23rd Floor
New York, NY 10004
Tax ID # 15-4114065

| | |
|---|---|
| 12/19/2007 | 2812 |

**Customer Information**

media corridors group
1779 N. Congress Ave. Suite 357
Boynton Beach  FL 33426
United States

| Billing Contact | | | | Phone Number | | Account Manager |
|---|---|---|---|---|---|---|
| Michael Frommer | | | Geffrey Yabes | 212.925.5137 | | Kevin Dilmore |

| Billing Email | | PO# (If applicable) | | Start Date | | End Date | |
|---|---|---|---|---|---|---|---|
| mfrost@mediagroup.com | | | | 11/27/2007 | | 3/31/2008 | |

**Trafficking Notes**

(2,147,483,647 impressions for US POPS; unlimited for Australia) 100,000 Impr Daily Cap (appr), started on 11/27/2007, no end date

| Product | Campaign Description | | | Period | Quantity | Start | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| adMarketplace<br>onMarketplace | UK Page<br>Australia | | | | 11/27/2007 | 1.00 | CPM | 20,000.00 |
| | | | | | | | Total | $22,684.36 |

Advertiser must report any discrepancies of invoices related to their campaign to adMarketplace within ten (10) days of receiving such invoice. adMarketplace is not liable for any discrepancies not reported within this time frame and Advertiser waives all right, title and intent to dispute payment to adMarketplace based upon any discrepancy not reported within this time frame. All discrepancies must be reported via email to trafficadmarketplace.net

This Insertion order is hereby agreed to by Advertiser. Signature indicates Advertiser has read and understands the attached adMarketplace Terms & Conditions document. No rate protection is implied. Space will not be reserved until signed paperwork is received.

Customer Signature: _____  Date: 12/11/07

adMarketplace Signature: _____  Date: 12/19/07

DEC-19-2007 16:00 From: CONDUCIVE CORP.          To: 15616346886          P.1/3

May. 22. 2009  2:19PM                                                                    No. 0228   P. 17

To: Geoff Yabes   Page 3 of 5                          2007-12-28 19:34:19 (GMT)          16616342026  From: MICHAEL FROMMER



**ad**Marketplace
demand  supply

### Insertion Order

adMarketplace
55 Broad St
23rd Floor
New York, NY 10004
Tax ID # 15-4114886

| | |
|---|---|
| 12/18/2007 | 2311 |

media corrections group
1770 N. Congress Ave, Suite 367
Boynton Beach, FL 33426
United States

| Billing Contact | Account Contact | Sales Rep | Phone | Contact |
|---|---|---|---|---|
| Michael Frommer | | Geffey Yabes | 212.825.3137 | Kevin Dillmann |

| Billing Email | PO Number | Date | End Date | Rate |
|---|---|---|---|---|
| mfrommer@mediacrigroup.com | | 12/7/2007 | 3/31/2008 | |

unlimited, 300,000 Imps Daily Cap (swap), started on 12/07/2007, no end date

| Product | Description | | Qty | Rate | Amount |
|---|---|---|---|---|---|
| | | | | 9.15 CPM | |
| | | | | 9.10 CPM | |
| | | | | | |
| | | | | | |
| | | | Total | | $17,260.00 |

| |
|---|
| Advertiser must report any discrepancies or disputes related to their campaign to adMarketplace within ten (10) days of website air date, Site and Intent to dispute payment or credit for any discrepancies not reported within this time frame. All discrepancies must be reported via email for tracking purposes. |
| This insertion order is hereby agreed to by Advertiser. Signature indicates Advertiser has read and understands the attached adMarketplace Terms & Conditions documents. No rate protection is implied. Space will not be reserved until signed paperwork is received. |

Customer Signature: _____   Date: 12/28/07

adMarketplace Signature: _____   Date: 12/19/__

To Gabri Yabes   Page 2 of 5                    2007-12-28 18:34:19 (GMT)         15818342026  From MICHAEL PROMM...

# adMarketplace
### demand supply

adMarketplace
55 Broad St
23rd Floor
New York, NY 10004
Tax ID # 15-4114865

**Insertion Order**

| Date | |
|------|--|
| 12/19/2007 | 2300 |

**Customer Information**
media conusions group
1770 N. Congress Ave. Suite 357
Boynton Beach  FL 33426
United States

| | | | |
|--|--|--|--|
| Michael Premmer | Quilray Yabes | 212.985.3157 | Kevin Dittmann |

| | | | | |
|--|--|--|--|--|
| michael@mcmsgroup.com | | 12/4/2007 | 3/31/2008 | |

Unlimited, 18k impu/day; Daily cap ASAP; Started on 12/4/07; no end date.

| Product | | | | | | |
|---------|--|--|--|--|--|--|
| adMarketplace | New Pop - Norway | | | 1.00 | OPEN | 2,500.00 |
| adMarketplace | New Pop - Italy | | | 1.00 | OPEN | 2,500.00 |
| adMarketplace | New Pop - Turkey | | | 1.00 | OPEN | 2,500.00 |
| adMarketplace | New Pop - Poland | | | 1.00 | OPEN | 2,500.00 |
| adMarketplace | New Pop - Australia | | | 1.00 | OPEN | 2,500.00 |
| adMarketplace | New Pop - Austria | | | 1.00 | OPEN | 2,300.00 |

| | | | |
|--|--|--|--|
| | | Total | $23,355.00 |

Advertiser must report any discrepancies or charges relating to their campaign to adMarketplace within ten (10) days of receiving such invoice. adMarketplace is not liable for any discrepancies not reported within this time frame and Advertiser waives all rights, title and interest in charges beyond to adMarketplace any discrepancies not reported within that time frame. All discrepancies must be reported to adMarketplace in writing.

This insertion order is hereby agreed to by Advertiser. Signature indicates Advertiser has read and understands the attached adMarketplace Terms & Conditions document. No rate protection is implied. Space will not be reserved until signed paperwork is received.

Customer Signature: _____  Date: 12/28/07

adMarketplace Signature: _____  Date: 12/19/07

# EXHIBIT C

May. 22. 2009  2:20PM                                    No. 0228   P. 20



# Statement

| Date |
|---|
| 12/31/2008 |

55 Broad Street, 23rd Floor
New York NY 10004

Page 1 of 2

**Bill To**

media conxcions group
1779 N. Congress Ave. Suite 357
Boynton Beach FL 33426
United States

| Amount Due | Amount Encl |
|---|---|
| $94,954.01 | |

| Due | Description | Charge | Payment | Balance |
|---|---|---|---|---|
| | Balance Forward | | | 0.00 |
| 10/31/2007 | Invoice #7659 | 16,182.65 | | 16,182.65 |
| 11/30/2007 | Invoice #7660 | 12,445.76 | | 28,628.41 |
| 11/30/2007 | Invoice #7697 | 342.49 | | 28,970.90 |
| 12/31/2007 | Invoice #7698 | 2,932.46 | | 31,903.36 |
| 12/31/2007 | Invoice #7689 | 4,009.83 | | 35,913.19 |
| 12/31/2007 | Invoice #7692 | 179.04 | | 36,092.23 |
| 12/31/2007 | Invoice #7661 | 9,688.00 | | 45,780.23 |
| 12/31/2007 | Invoice #7693 | 13.24 | | 45,793.47 |
| 12/31/2007 | Invoice #7694 | 8,457.83 | | 54,251.30 |
| 12/31/2007 | Invoice #7688 | 15,528.30 | | 69,779.60 |
| 12/31/2007 | Invoice #7691 | 8.00 | | 69,787.60 |
| 12/31/2007 | Invoice #7686 | 351.17 | | 70,138.77 |
| 12/31/2007 | Invoice #7685 | 2,320.87 | | 72,459.64 |
| 12/31/2007 | Invoice #7687 | 206.08 | | 72,665.72 |
| 12/31/2007 | Invoice #7690 | 6,046.78 | | 78,712.50 |
| 1/31/2008 | Invoice #7759 | 322.82 | | 79,035.32 |
| 1/31/2008 | Invoice #7761 | 180.60 | | 79,215.92 |
| 1/31/2008 | Invoice #7760 | 339.35 | | 79,555.27 |
| 1/31/2008 | Invoice #7756 | 984.88 | | 80,540.15 |
| 1/31/2008 | Invoice #7750 | 177.70 | | 80,717.85 |
| 1/31/2008 | Invoice #7753 | 1,318.29 | | 82,036.14 |
| 1/31/2008 | Invoice #7751 | 379.18 | | 82,415.32 |
| 1/31/2008 | Invoice #7758 | 7,518.73 | | 89,934.05 |
| 1/31/2008 | Invoice #7754 | 5,022.12 | | 94,956.17 |
| 1/31/2008 | Invoice #7752 | 2,447.03 | | 97,403.20 |
| 1/31/2008 | Invoice #7755 | 1,188.99 | | 98,592.19 |
| 1/31/2008 | Invoice #7764 | 208.56 | | 98,800.75 |
| 1/31/2008 | Invoice #7757 | 3,092.97 | | 101,893.72 |
| 1/31/2008 | Invoice #7763 | 2,062.79 | | 103,956.51 |
| 1/31/2008 | Invoice #7766 | 22,308.92 | | 126,265.43 |
| 2/1/2008 | Payment | | 5,000.00 | 121,265.43 |
| 2/29/2008 | Invoice #7826 | 567.37 | | 121,832.80 |
| 2/29/2008 | Invoice #7830 | 615.91 | | 122,448.71 |
| 2/29/2008 | Invoice #7829 | 172.69 | | 122,621.40 |
| 2/29/2008 | Invoice #7825 | 128.42 | | 122,749.82 |
| 2/29/2008 | Invoice #7828 | 608.21 | | 123,358.03 |
| 2/29/2008 | Invoice #7824 | 603.58 | | 123,961.61 |
| 2/29/2008 | Invoice #7822 | 892.21 | | 124,853.82 |
| 2/29/2008 | Invoice #7827 | 100.19 | | 124,954.01 |
| 3/7/2008 | Payment | | 6,000.00 | 118,954.01 |
| 4/29/2008 | Payment | | 4,000.00 | 114,954.01 |
| 4/29/2008 | Journal #2070 | | 1,000.00 | 113,954.01 |
| 6/24/2008 | Payment | | 5,000.00 | 108,954.01 |
| 7/29/2008 | Journal #2399 | | 1,000.00 | 107,954.01 |
| 7/29/2008 | Payment | | 4,000.00 | 103,954.01 |

May. 22. 2009  2:20PM

No. 0228   P. 21



# Statement

| Date |
|---|
| 12/31/2008 |

**55 Broad Street, 23rd Floor**
**New York NY 10004**

Page 2 of 2

| Date | Description | Charge | Payment | Balance |
|---|---|---|---|---|
| 8/12/2008 | Payment | | 4,000.00 | 99,954.01 |
| 8/12/2008 | Journal #2408 | | 1,000.00 | 98,954.01 |
| 10/1/2008 | Payment | | 1,200.00 | 97,754.01 |
| 10/1/2008 | Journal #2431 | | 300.00 | 97,454.01 |
| 11/21/2008 | Journal #2495 | | 500.00 | 96,954.01 |
| 11/21/2008 | Payment | | 2,000.00 | 94,954.01 |

*+$4,200 collection fees.*

| Current | 1-30 Days | 31-60 Days | 61-90 Days | Over 90 Days | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | 0.00 | 0.00 | 94,954.01 | $94,954.01 |

# EXHIBIT D

# 2008 FOR PROFIT CORPORATION ANNUAL REPORT

**FILED**
**May 05, 2008**
**Secretary of State**

DOCUMENT# P07000067200

**Entity Name:**  MEDIA CONXIONS ASSOCIATES INC.

**Current Principal Place of Business:**

1779 N. CONGRESS AVE.
SUITE 357
BOYNTON BEACH, FL  33426    US

**New Principal Place of Business:**

**Current Mailing Address:**

1779 N. CONGRESS AVE.
SUITE 357
BOYNTON BEACH, FL  33426    US

**New Mailing Address:**

**FEI Number:**          FEI Number Applied For ( )          FEI Number Not Applicable (X)          Certificate of Status Desired ( )

**Name and Address of Current Registered Agent:**

FROMMER, MICHAEL M
1779 N. CONGRESS AVE.
SUITE 357
BOYNTON BEACH, FL  33426  US

**Name and Address of New Registered Agent:**

The above named entity submits this statement for the purpose of changing its registered office or registered agent, or both, in the State of Florida.

SIGNATURE: _____

Electronic Signature of Registered Agent                                           Date

In accordance with s. 607.193(2)(b), F.S., the corporation did not receive the prior notice.
Election Campaign Financing Trust Fund Contribution ( ).

## OFFICERS AND DIRECTORS:

| | |
|---|---|
| Title: | P        ( ) Delete |
| Name: | FROMMER, MICHAEL |
| Address: | 1779 N. CONGRESS AVE.  SUITE 357 |
| City-St-Zip: | BOYNTON BEACH, FL  33426 US |

| | |
|---|---|
| Title: | ( ) Delete |
| Name: | |
| Address: | |
| City-St-Zip: | |

## ADDITIONS/CHANGES TO OFFICERS AND DIRECTORS:

| | |
|---|---|
| Title: | ( ) Change ( ) Addition |
| Name: | |
| Address: | |
| City-St-Zip: | |

| | |
|---|---|
| Title: | COO      ( ) Change (X) Addition |
| Name: | FROMMER, MARC |
| Address: | 1779 N. CONGRESS AVE. SUITE 357 |
| City-St-Zip: | BOYNTON BEACH, FL  33426 US |

I hereby certify that the information supplied with this filing does not qualify for the exemption stated in Chapter 119, Florida Statutes.  I further certify that the information indicated on this report or supplemental report is true and accurate and that my electronic signature shall have the same legal effect as if made under oath; that I am an officer or director of the corporation or the receiver or trustee empowered to execute this report as required by Chapter 607, Florida Statutes; and that my name appears above, or on an attachment with an address, with all other like empowered.

SIGNATURE:   MICHAEL FROMMER                                    P                        05/05/2008

Electronic Signature of Signing Officer or Director                                           Date