UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
ADMARKETPLACE, INC.                              :    09 CIV 5243 (LTS) (MHD)
                                                 :
                              Plaintiff,         :
    -against-                                    :
                                                 :    **JOINT PRELIMINARY**
MICHAEL M. FROMMER and MEDIA CONXIONS            :    **PRE-TRIAL STATEMENT**
ASSOCIATES, INC.,                                :
                                                 :
                              Defendants.        :
------------------------------------------------------------------------ x

Pursuant to Fed. R. Civ. P. 26(f), the parties hereby adopt the following as their joint preliminary pre-trial statement to govern the discovery and further proceedings in this case:

**a.     Nature of this Action**

Defendants breached an agreement entered into by the parties in October 2007. The agreement provided that Plaintiff will deliver Defendants' advertisements to Internet users in exchange for payments. Plaintiff performed its obligations under the agreement. Defendants made partial payments but failed to pay the remaining balance of approximately $94,954.01. Despite Plaintiff's demands for payments and Defendants' promises of payment, Defendants have failed to pay the remaining balance. Michael Frommer, the president of Media Conxions, is a defendant because he has acted in his own capacity in dealing with adMarketplace. Mr. Frommer ignored corporate formalities in his dealings with adMarketplace.

**b.     Basis of this Court's Jurisdiction**

Plaintiff filed the instant action in New York State Supreme Court. Defendants removed the action pursuant to diversity jurisdiction under 28 U.S.C. § 1331(b). Defendants claim venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

**c.     Uncontested Facts**

The parties stipulate that the following facts are not in dispute:

1. adMarketplace, Inc. is a corporation organized under the laws of Delaware, and has conducted business in New York as the "d/b/a" of Conducive. Conducive maintains a principal place of business at 55 Broad Street, New York, New York 10004.

2. Media Conxions Associates, Inc. ("Media Conxions") is a corporation organized under the laws of the State of Florida and maintains a place of business at 1779 N. Congress Avenue, Suite 357, Boynton Beach, Florida 33426.

3. Media Conxions also maintains a place of business at 1305 Central Terrace, Lake Worth, Florida 33460.

4. Michael Frommer ("Frommer") is the CEO and President of Media Conxions.

5. The parties entered an agreement for services in return for certain sum of money.

6. Frommer communicated by telephone, mail, and facsimile with adMarketplace in New York.

7. From October 2007 to December 2007, Frommer submitted four (4) insertion orders by facsimile to adMarketplace's office in New York.

8. Frommer made several payments to adMarketplace over a period of several months in 2008.

9. adMarketplace never received any payments from Frommer concerning the December 31, 2008 statement.

10. To date, Media Conxions has not paid any of the outstanding amounts shown on the December 31, 2008 Statement despite Plaintiff's demand for payment.

**d.      Uncontested Legal Issues**

(1)     A contract or agreement was consummated between adMarketplace and Media Conxions.

(2)     The Court has personal jurisdiction over the parties and subject matter jurisdiction through diversity.

**e.      Legal Issues**

Plaintiff brings the following claims against Defendants Media Conxions and Michael Frommer: (a) breach of contract; (b) unjust enrichment; and (c) account stated.  Furthermore, Plaintiff sets forth allegations in the Complaint concerning the piercing of the corporate veil.  In addition to compensatory damages, Plaintiff seeks pre- and post-judgment interest on all sums awarded and the award of attorney's fees incurred in bringing this lawsuit.

**f.      Disputed Facts**

This action arose when Defendants breached the Agreement with adMarketplace.  The Agreement provided that adMarketplace will deliver Defendants' advertisements to Internet users in exchange for payments.  Further, as per the agreement, Defendants were to submit an "insertion order" to adMarketplace indicating the advertisements that Defendants would like adMarketplace to deliver to end-users.  From October 2007 to December 2007, Defendants submitted four (4) insertion orders by facsimile to adMarketplace's office in New York.

Insertion order 2288, dated October 26, 2007, shows that Defendants owed adMarketplace a sum of $84,000.00.  Insertion order 2312, dated December 19, 2007, shows that Defendants owed adMarketplace a sum of $22,684.36.  Insertion order 2311, dated December 19, 2007, shows that Defendants owed adMarketplace a sum of $17,250.00.  Insertion order 2309, dated October 26, 2007, shows that Defendants owed adMarketplace a sum of $23,355.00.

The total sum of the four insertion orders is $147, 289.35.  After making payments for several months in satisfaction of the insertion orders, Defendants failed to pay the remaining balance of $94,954.01.  On December 31, 2008, adMarketplace sent a statement to Defendants indicating the amount owed as of December 31, 2008.  Defendants never disputed the December 31, 2008 statement.

adMarketplace never dealt with anyone at Media Conxions other than Michael Frommer.  In his dealings with adMarketplace, Frommer disregarded the corporate entity, Media Conxions, and used his personal bank account to pay invoices issued by adMarketplace.

Media Conxions is solely-owned by Frommer.  Michael Frommer and Marc Frommer are the only officers and directors of Media Conxions.  Media Conxions did not have adequate capitalization to meet its financial obligations to adMarketplace as evidenced by its failure to pay the invoices due and owing.  The business address of Media Conxions is the home address of Michael Frommer located at 1305 Central Terrace, Lake Worth, Florida 33460.

**g.**     **Legal Basis of Each Cause of Action Asserted**

    1.     Piercing of the Corporate Veil

Media Conxions' corporate veil should be pierced because Frommer used his personal bank account to pay invoices issued by adMarketplace.  Further, Frommer resided at Media Conxions' business address located at 1305 Central Terrace, Lake Worth, Florida 33460.  As the evidence adduced through discovery will show, Frommer ignored corporate formalities in his dealings with adMarketplace.

    2.     Breach of Contract

The parties entered into the agreement in October 2007.  adMarketplace satisfactorily performed its obligations under the Agreement.  Defendants breached the

Agreement by failing to pay the amount owed under the agreement.  As a result of Defendants' breach, adMarketplace incurred damages in the amount of $94,954.01, plus interest and costs.  adMarketplace also incurred damages in the amount of $4,800.00, which constitute costs paid by adMarketplace in collecting amounts owed by Defendants.

    3.    Unjust Enrichment

By failing to pay for the services rendered, Defendants have been unjustly enriched in the amount in excess of $94,954.01.  adMarketplace makes this claim in the event that there is no adequate remedy under the law of contract.  Under the principles of equity and good conscience, Defendants must pay the amount due.  Defendants knew or should have known that it has no right to not pay adMarketplace for services already rendered.

    4.    Account Stated

In December 2008, adMarketplace submitted invoices to Defendants showing the principal amount outstanding, totaling $94,954.01.  Defendants did not dispute the amount outstanding on the invoices.  To date, Defendants have not paid any outstanding amounts shown on the December 31, 2008 Statement despite Plaintiff's demand for payment.

**h.**    **Legal Basis for Each Defense**

    1.    First Affirmative Defense

Plaintiff's complaint fails to state a cause of action upon which relief can be granted in that the Plaintiff did not perform the services its was agreed upon that Plaintiff would perform for the Defendant.

    2.    Second Affirmative Defense

Plaintiff's damages, if any, were brought about in whole or in part by the culpable conduct of an unnamed third-party, and not by the Defendant.  It is believed that Defendant's

conduct did not cause the Plaintiff to suffer any loss and to the extent the Plaintiff is alleging a loss, it must be due to the conduct, acts or omissions of a third-party.

    3.    Third Affirmative Defense

Plaintiff failed to mitigate its damages.

    4.    Fourth Affirmative Defense

Plaintiff claimed is barred by the doctrine of waiver, estoppel and/or laches in that invoices were not sent regularly and those invoices that were sent were disputed by the defendant(s).

    5.    Fifth Affirmative Defense

Defendant withdraws its fifth affirmative defense that alleged that Plaintiff failed to name a necessary party to this action.

    6.    Sixth Affirmative Defense

Plaintiff's claim is barred by the documentary evidence in that the written agreement provided by the Plaintiff, attached to its Complaint, is not executed by any of the parties. Additionally, there is no documentary evidence to support the claim by Plaintiff against the defendant Michael Frommer.

    7.    Seventh Affirmative Defense

The Plaintiff has failed to obtain personal jurisdiction over the Defendant Michael Frommer in that he was never a party to any agreement and this Court has no personal jurisdiction over the individual defendant, Michael Frommer. However, the defendant Media Conxions does withdraw the seventh affirmative defense that the plaintiff has failed to obtain personal jurisdiction over the Defendant Media Conxions.

**i.     Measure of Proof as to Each Cause of Action**

Plaintiff has the burden of proof as to each cause of action alleged in the Complaint; Defendants have the burden of proof on all affirmative defenses. Plaintiff will use documentary evidence to establish that Defendants breached the Agreement entered into between the parties; that Defendants were unjustly enriched, and that Plaintiff was damaged in the amount of 99,754.01. Further, documentary and testamentary evidence will establish that the corporate veil of Media Conxions should be pierced as Michael Frommer disregarded the corporate entity, Media Conxions, in his dealings with adMarketplace.

**j.     Amendments to Pleadings and/or Addition or Substitution of Parties**

There are none at this time.

**k.     Consent to Transfer Case to a Magistrate Judge**

Parties consent to the trial of this action before Magistrate Judge Dollinger.

**l.     Disclosures That Were Made or Will be Made Under Fed. R. Civ. P. 26(a)**

Emails, invoices, and the Agreement will be exchanged between the parties.

**m.    Subjects on which Disclosure May be Needed and Proposed Discovery Cut-Off Date**

Plaintiff proposes a cut-off discovery date of December 4, 2009. Parties shall exchange their discovery demands, including interrogatories, by September 25, 2009. Parties shall provide their discovery responses, including the exchange of documents, emails, and witness information by October 28, 2009. All witnesses are to be deposed by November 18, 2009.

Plaintiff anticipates noticing the deposition of Mr. Frommer, who resides in Florida.

**n.     Expert Evidence**

Parties stipulate that expert witness evidence will not be needed.

o. **Changes Made in the Limitations on Discovery Imposed under Federal and Local Court Rules**

    None.

p. **Status of Settlement Discussions and Prospects for Settlement of the Action**

    Parties have not entered into any settlement discussions at this time.

q. **Trial**

    Parties stipulate to a bench trial.  The expected length of time for the trial is 2-3 days.

r. **Other Orders that Should be Entered by the Court under Fed.R.Civ.P. 26(c) or 16(b) or (c)**

    None.

Dated:  New York, New York
         August 26, 2009


| LOANZON SHEIKH LLC | HIRSCHEL LAW FIRM, P.C. |
|---|---|
| By: _____ | By: _____ |
| Tristan C. Loanzon | Daniel Hirschel |
| 112 Madison Avenue, 5th Floor | 226 Seventh Street, Suite 201 |
| New York, New York 10016 | Garden City, New York 11530 |
| T: (212) 760-1515 | T: (516) 742-7070 |
| F: (212) 760-1717 | F: (516) 742-7070 |
| tristan@lawfirmls.com | Hirschelesq@yahoo.com |
| *Attorney for Plaintiff* | *Attorney for Defendants* |